IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN ROBERT WHIRTY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0196 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO
DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, at the Bill Clements Unit in Potter County, Texas, has filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" alleging he is being unlawfully confined by respondent. By his petition and an accompanying memorandum, petitioner contends he challenged his July 10, 1967 conviction for murder with malice out of Criminal District Court No. 2, Dallas County, Texas, through a state habeas corpus petition in 1975. Petitioner appears to contend the Clerk of the Texas Court of Criminal Appeals issued a "preliminary notice of intent to deny habeas corpus without written order or opinion" on October 13, 1975, but that no final ruling or mandate ever issued. Petitioner appears to contend that since the Texas Court of Criminal Appeals never made a final ruling, that court lost jurisdiction over his state habeas

corpus petition on December 5, 1975, when the time for filing a motion for rehearing expired.[1] Petitioner then appears to argue that, as a result of this failure, he is in "custody in state prison without judgment" and is entitled to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner requests respondent be ordered "to produce a copy of commitment papers relied upon for custody" and/or his "unconditional release with prejudice from custody."

2241 versus 2254

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). Title 28 U.S.C. § 2241 provides the general jurisdictional basis for federal courts to consider habeas challenges to state and federal court judgments. *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991). A habeas corpus application brought under 28 U.S.C. § 2241 is the proper habeas remedy if a prisoner "challenges the execution of his sentence rather than the validity of his [underlying] conviction and sentence." *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (comparing sections 2241 and 2255). In contrast, 28 U.S.C. § 2254 specifically confers jurisdiction on the federal courts to consider collateral attacks on state court judgments. *Story v. Collins*, 920 F.2d at 1250. Therefore, challenges to the fact or duration of a petitioner's confinement should be brought under that section. *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

---

[1] The online docket for the Texas Court of Criminal Appeals indicates petitioner's state habeas corpus petition was filed with that court on November 10, 1975, and was denied without written order on November 19, 1975.

By his habeas application, petitioner's sole contention is that he is being held on a void conviction and sentence. Petitioner argues his conviction was voided by certain "inactions" by the Texas Court of Criminal Appeals during state habeas corpus proceedings conducted in 1975. Petitioner has not made any claims actually challenging the execution of his sentence or, more specifically, the manner in which his sentence is being calculated. For example, petitioner does not challenge the fact that he was convicted of murder but, instead, challenges the continuing validity of the judgment and/or commitment order. Consequently, this habeas application should be considered under 28 U.S.C. § 2254 rather than 28 U.S.C. §2241. As such, petitioner's section 2254 habeas application is subject to the one-year statute of limitation under 28 U.S.C. § 2244 and appears to clearly be time barred. Moreover, petitioner has filed two (2) prior habeas corpus applications under section 2254 challenging his incarceration pursuant to his 1967 murder conviction. *See Whirty v. Quarterman*, 3:07-CV-1484 (Dallas Division) (dismissed as time barred); *Whirty v. Thaler*, 2:11-CV-0036 (Amarillo Division) (dismissed as frivolous, with alternative findings that application was time barred and successive). As petitioner has not demonstrated he has received permission from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application, *see* 28 U.S.C. § 2244(b)(3), this court is without jurisdiction to consider petitioner's application. Even so, as set forth below, there is no merit to petitioner's claim.

## NO MERIT TO PETITIONER'S ALLEGATION

Respondent has submitted the administrative record of petitioner's 1975 state habeas corpus application. The record reflects that on October 13, 1975, petitioner filed a state habeas application challenging his July 10, 1967 murder conviction, pursuant to a guilty plea, and the

resultant life sentence,[2] on the grounds that the trial court failed to (1) advise him of the proper range of punishment; (2) properly inquire as to petitioner's sanity; and (3) determine whether petitioner's guilty plea was voluntary. *In re Whirty*, No. 5,300-01. On October 14, 1975, petitioner was appointed counsel to represent him in the state habeas proceeding. On November 5, 1975, after a hearing, the state trial court entered Findings of Fact and Conclusions of Law finding petitioner's state habeas application was without merit, and that petitioner was lawfully restrained and confined. *See* Exhibit A. On November 6, 1975, the trial court certified the habeas record and forwarded it to the Texas Court of Criminal Appeals, with that court receiving the record on November 10, 1975. On November 19, 1975, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order based on the findings of the trial court without a hearing. *See* Exhibit B. The court forwarded petitioner notification of its ruling on that same date.[3]

The action taken by the Texas Court of Criminal Appeals on November 19, 1975 denying petitioner's habeas corpus application without written order was a final ruling or "final disposition" on the merits in petitioner's state habeas corpus proceeding. *Cf. Ex parte Santana*, 227 S.W.3d 700, 704 (Tex.Crim.App. 2007). Petitioner has not shown that the Texas Court of Criminal Appeals was required to issue a separate mandate after denying relief in petitioner's collateral proceeding, nor was the court required to issue an "order of recommitment papers to reinstate finality of judgment." The Judgment and Sentence of July 10, 1967 have not been disturbed and remain intact and enforceable. By that Judgment and Sentence petitioner remains

---

[2] No direct appeal was taken from this conviction.

[3] Petitioner filed numerous other state habeas corpus applications and petitions for writs of mandamus with the state courts from 1981 through 2013. *See In re Whirty*, Nos. 5,300-02 through -12.

finally convicted of the offense of murder with malice. (*See* Exhibit C). Petitioner's claim is without merit and his application for a writ of habeas corpus should be DENIED.

### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JOHN ROBERT WHIRTY be DENIED.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this    2nd    day of October 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the

Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).