IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN ROBERT WHIRTY, | § § § | |
| Petitioner, | § § | |
| v. | § § | 2:15-CV-0196 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION and DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a federal writ of habeas corpus. On October 2, 2015, the United States Magistrate Judge issued a Report and Recommendation in this cause, recommending therein that the instant habeas application be denied. On October 27, 2015, petitioner filed objections to the Magistrate Judge's Report and Recommendation.

The undersigned United States District Judge has made an independent examination of the record in this case and has considered the objections made by petitioner to the Report and Recommendation. Petitioner's habeas application is not only time-barred, it is also successive and petitioner has not obtained the permission of the Fifth Circuit to file such a petition. This Court did not need to go further as petitioner's federal habeas application was subject to dismissal on these grounds alone. However, as petitioner's claims were without merit, the Court addressed petitioner's claims.

Petitioner continues to argue, in his objections and in numerous other post-Report and

Recommendation pleadings, that he was "acquitted" of his 1967 murder conviction or that such conviction was "set aside" or "vacated," or is "null" because the Texas Court of Criminal Appeals, in denying petitioner state habeas relief with regard to his conviction in 1975, (1) relied upon state court findings of fact which were impermissibly based on docket entries rather than the record itself, and did not (2) indicate the denial was entered by a "quorum of a three judge panel," (3) enter a separate written order other than the "Application Denied Without Written Order On Findings of the Trial Court Without a Hearing," explaining the reasoning of the ruling, identifying the judges participating and reflecting the signature of the judges; (4) enter an order remanding petitioner to state trial court; (5) issue a written mandate to the trial court specifying the Texas Court of Criminal Appeals' order to be implemented or directing the state court to reinstate petitioner's judgment of conviction vacated upon filing for state habeas review; or (6) transfer jurisdiction back to the trial court to finalize the case by issuing a re-commitment order.

Petitioner continues to misconstrue various provisions of state statute, state constitution and state case law addressing direct appeal, collateral review, and instances where collateral review is granted and relief from a conviction or sentence is actually afforded pursuant to state habeas corpus provisions. Petitioner's reliance on such provisions is misplaced.

In petitioner's 1975 state habeas corpus proceeding, the Texas Court of Criminal Appeals, as permitted by statute, denied "relief upon the findings and conclusions of the hearing judge without docketing the cause" when it denied petitioner's state habeas application for writ of habeas corpus without written order. *Cf. Allen v. Cockrell*, 2003 WL 21946940 (N.D. Tex. June 26, 2003). The absence of a "judgment [entered by the Texas Court of Criminal Appeals] remanding the petitioner to custody" did not affect the validity of petitioner's state court conviction and sentence.

The denial of state habeas was a final ruling or final disposition, and the ruling was not

improper because it was not signed by a "quorum of a three judge panel" because such is not required in a collateral habeas proceeding. Further, the Texas Court of Criminal Appeals was not required to issue "an order for closure of [the] state writ" or order the state trial court to "reinstate" petitioner's conviction or judgment. The Texas Court of Criminal Appeals, in reviewing petitioner's state habeas application, did not find habeas corpus relief should be granted and did not issue the writ. Instead, the court denied relief based on the findings of the state trial court. Petitioner's conviction was never set aside, therefore, no order of re-commitment or order re-instating the conviction was required. Similarly, no separate mandate was required in this case because the Texas Court of Criminal Appeals denied, rather than granted, habeas corpus relief. Petitioner's 1967 judgment and sentence were not disturbed by his *filing* for state habeas corpus relief, nor were they compromised in any way by the state habeas courts actions in the underlying state habeas proceeding. The Court finds no irregularities in the state habeas proceedings, much less any irregularities affecting the validity of petitioner's conviction or sentence or the constitutionality of his confinement. Petitioner's state conviction and sentence remain final, intact and enforceable.

The objections filed by petitioner are without merit and are hereby OVERRULED. The Magistrate Judge's Report and Recommendation is ADOPTED. Accordingly, the petition for a writ of habeas corpus is DENIED.

IT IS SO ORDERED.

ENTERED this _21st_ day of _September_ 2016.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE