IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2016 OCT -4   PM 4: 43
DEPUTY CLERK_____

| | | |
|---|---|---|
| JOHN ROBERT WHIRTY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-196 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY
## PETITIONER'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

Petitioner's 28 U.S.C. § 2254 habeas corpus petition challenging his July 10, 1967 conviction for murder with malice out of Criminal District Court No. 2, Dallas County, Texas, was denied on September 21, 2016. Petitioner has filed a timely motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).

By his motion, petitioner initially appears to object to the undersigned United States Magistrate Judge's denial of various motions on September 20, 2016 without the Court holding a hearing. The undersigned reviewed the motions, finding the motions were clearly without merit and that a hearing was not necessary. Petitioner was not entitled to a hearing simply because he requested and/or filed a motion for a hearing. To the extent petitioner's statements are construed as objections to the undersigned's order denying his motions, such objections will be considered independently by the District Judge.

Petitioner next argues the validity of the claims he raised in his habeas petition to assert he is entitled to Rule 59(e) relief. Petitioner's habeas application is time-barred and successive, and his

claims have no merit. Petitioner misconstrues various provisions of a state statute, the state constitution and state case law, taking provisions out of context. The validity of petitioner's conviction and sentence, and the constitutionality of his confinement is not called into question by the authorities upon which petitioner relies. Petitioner's state conviction remains final, intact and enforceable. Petitioner has not presented a meritorious Rule 59(e) motion demonstrating this Court's final judgment should be altered or amended.

Further, while the Court understands petitioner is not a trained attorney, unsupported allegations of "conspiracy" and "cover-up" based solely on petitioner's misunderstanding of the law and his disagreement with the Court's rulings is improper. Petitioner is misguided in his challenges to his conviction, and repeated, unsupported allegations of judicial misconduct may subject him to sanctions.

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that petitioner's motion to alter or amend judgment pursuant to Federal Rules of Civil Procedure 59(e) be DENIED.

IT IS SO RECOMMENDED.

ENTERED this _4th_ day of October 2016.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R.

Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).